**Signed: November 16, 2006**

_Leslie Tchaikovsky_
**LESLIE TCHAIKOVSKY**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 04-41166 TD
                                                   Chapter 7
JOHANNA P. WELTY, etc.,

                  Debtor.
_____/

LOIS I. BRADY, Trustee,                            A.P. No. 04-4182 AT

                  Plaintiff,

        vs.

FRANK A. WELTY, III,

                  Defendant.
_____/

### MEMORANDUM OF DECISION

Lois I. Brady (the "Trustee"), chapter 7 trustee in the above-captioned bankruptcy case, moves for summary judgment in the above-captioned adversary proceeding, objecting to the amended claim filed by defendant Frank A. Welty, III ("Welty") on May 5, 2006 (the "Amended Claim").   For the reasons stated below, the Trustee's motion will be granted, and the Amended Claim will be disallowed as a matter of law.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

Johanna A. Welty (the "Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on March 4, 2004.   At the time she filed the petition, although her marital relationship with Welty had been dissolved, their property rights

had not yet been finally determined. Debtor and Welty were still the co-owners of a home (the "Residence"). The Residence had been ordered to be sold by the family law court, but no sale had yet taken place.

A state court judge pro tem (the "family court judge") had conducted a trial on various issues in the dissolution proceeding over several days in December 2002. She had issued an order resolving some of these issues which was filed on March 20, 2003 (the "March 20 Order"). Among other things, she granted Welty $156,000 in reimbursement rights from the marital community pursuant to California Family Code § 2640 for his separate property contribution to the Residence. After further hearings, the family law judge issued another order, which was filed on April 16, 2003 (the "April 16 Order"). The April 16 Order established various liens against the Residence, with specified priorities.

On March 1, 2004, Welty recorded an abstract of judgment (the "Abstract") against the Residence. The Abstract referenced the March 20 Order and asserted the right to a judgment amount of $224,224.18. Three days later, the Debtor filed her chapter 7 bankruptcy petition. On or about July 14, 2004, the Court authorized the sale of the Residence to a third party for $1.4 million.

The Residence was sold, and the first deed of trust, which was held by Greenpoint Mortgage, was paid from the proceeds. The property taxes encumbering the Residence and the costs of sale were also paid. The remaining proceeds were divided between the Trustee

2

and Welty, the Trustee receiving the Debtor's share. The Trustee held the Debtor's share, subject to the remaining liens and other charges against that share, including Welty's claim of entitlement to additional payment.

On February 10, 2005, this Court held a hearing on an earlier motion for summary judgment filed by the Trustee. Thereafter, the Court issued a memorandum of decision, denying the motion in part but otherwise disposing of most of the issues raised by the complaint. Based on this decision, on June 7, 2005, the Court ordered the Trustee to pay Welty $189,700 out of the estate's share of the sale proceeds. The Trustee moved for reconsideration, arguing that this amount should be reduced to $156,025. On July 11, 2005, the Court granted the Trustee's motion for reconsideration, and a check was issued by the Trustee to Welty in this lesser amount.

On May 5, 2006, Welty filed the Amended claim (the "Amended Claim"), asserting the right to receive additional payments from the estate's share of the sale proceeds based on the March 20 and April 16 Orders. In her current motion for summary judgment, the Trustee objects to the Amended Claim. Welty did not file a substantive objection to the Trustee's motion. His only response to the motion was a last minute letter request for a continuance of an unspecified length until such time as he could afford to hire an attorney. The Court denied Welty's request. The motion was presented at a hearing on October 24, 2006 and was taken under submission.

Case: 04-04182   Doc# 93   Filed: 11/16/06   Entered: 11/17/06 09:18:24   Page 3 of 21

**DISCUSSION**

## A. APPLICABLE LAW

A motion for summary judgment should be granted when the Court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must make a prima facie showing that summary judgment is appropriate. Celotex, 477 U.S. at 322. The party opposing the motion bears the burden of overcoming the prima facie case. Id. at 324.

If the moving party adequately supports the motion for summary judgment, and the adverse party fails to respond, the Court shall enter summary judgment, if appropriate, against the adverse party. Fed. R. Civ. P. 56(e) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056). However, the Court may not grant a motion for summary judgment simply because the nonmoving party failed to file an opposition. Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). All doubts concerning the existence of a genuine factual issue must be resolved in favor of the party opposing the motion for summary judgment. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

If the Court is unable to determine the entire claim by summary judgment, the Court may summarily adjudicate any portion of the claim as to which there is no genuine factual issue. Fed. R. Civ.

4

P. 56(d) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056).

A properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The party objecting to the claim must present sufficient evidence to overcome the prima facie evidence. <u>In re Holm</u>, 931 F.2d 620, 623 (9th Cir. 1991); <u>In re Consolidated Pioneer Mortgage</u>, 178 B.R. 222, 226 (9th Cir. 1995), <u>aff'd</u> 91 F.3d 151 (9th Cir. 1996).

**B. DECISION**

In the Amended Claim, Welty asserts the right to an unsecured claim against the estate for $328,580 less the $156,025 already paid for a net claim of $172,580. Attached to the Amended Claim is a schedule (the "Claim Schedule") in which Welty lists the numerous items upon which the Amended Claim is based. In many instances, he cites the paragraph of the family court order upon which he bases the particular elements of his claim.

Welty asserts the right to interest on each of the items at the rate of ten percent per annum. He calculates the amount of the interest on each from the date of the order purportedly giving him the right to the payment amount through May 31, 2006: i.e., a hypothetical payment date. He also provides a daily interest amount so that figure may be adjusted based on the actual payment date.

The Trustee objects to the Amended Claim on various grounds and seeks summary judgment with respect to her objections. The Court will address each of her objections in turn.

5

**1.  Estate's Right to Credit for $78,000 Overpayment**

The Trustee contends that the Court miscalculated the portion of the net sale proceeds that should have been paid to Welty based on the family court order regarding Welty's $156,025 separate property contribution to the Residence.  She notes that the family court judge ordered the *community* to reimburse Welty for this contribution, not the Debtor.  Thus, either the reimbursement should have come from community property or, to the extent it came from the Debtor's separate property, Welty was only entitled to half this amount:  i.e., $78,012.50.  Thus, according to the Trustee, the estate is entitled to a credit of $78,012.50 against any amounts that Welty would otherwise be owed.

As noted above, Welty did not file a substantive opposition to the Trustee's motion for summary judgment.  The evidence before the Court--i.e., the family court order--is sufficient to support the Trustee's contention, and the Trustee's argument appears legally sound.  As a result, the Trustee's motion will be granted with respect to this issue, and the bankruptcy estate will be entitled to an offset of $78,012.50 against any amounts found to be allowable pursuant to the Amended Claim.

**2.  Welty's Right to Interest**

Twenty-eight of the items listed in the Claim Schedule are for interest.  As noted above, the amounts included in the claim calculation are for interest from the date of the relevant order through May 31, 2006.  The Trustee objects to the allowance any

6

amount of interest in the Amended Claim. She notes that Welty has no right to interest by contract or statute. She notes that Cal. Civ. Code § 3289, which provides for a ten percent per annum default rate of interest on breach of contract claim, has no application here since Welty's claim is not based on a contract. Similarly, she notes that Cal. Civ. Proc. Code § 685.010, which provides for a ten percent per annum judgment rate of interest, does not apply because no money judgment was ever entered. The family court orders were simply interlocutory orders, resolving some but not all of the issues in the dissolution proceeding. Finally, the Trustee asserts that, because Welty's claim is unsecured, pursuant to 11 U.S.C. § 506(b), he is not entitled to any interest accruing on his claim after the petition date: i.e., March 4, 2004.

The Trustee is correct that a party asserting an unsecured claim against a bankruptcy estate is not entitled to post-petition interest. See 11 U.S.C. § 502(b)(2); 11 U.S.C. § 506(b). Thus, Welty's claim for interest accruing after March 4, 2004 will be disallowed. With respect to the interest accruing before March 4, 2004, the Court agrees that neither Cal. Civ. Code § 3289 nor Cal. Civ. Proc. Code § 650.010 provides support for such a claim.

However, the Trustee does not address the applicability of Cal. Civ. Code § 3287. Section 3287 provides that every person entitled to damages in an amount that is certain or is capable of being made certain by calculation is entitled to recover interest on that amount from the date the party's right becomes fixed. Some elements of the Amended Claim are based on amounts made certain in the family

7

court orders.  To that extent, the Court concludes that § 3287 gives Welty a right to interest on the amounts in question from the date of entry of the orders through March 4, 2004.[1]

Although § 3287 does not specify the rate of interest to which the claimant is entitled, establishing this rate is within the Court's discretion.  The judgment rate of ten percent per annum appears reasonable.  However, the bankruptcy estate is entitled to include in its claim of offset interest on the $78,012.25 overpayment made to Welty from the sale proceeds from the date of payment to the date of this decision.

Given that right, the Court is doubtful that the award of interest to Welty on some portions of the Amended Claim will affect the outcome of this decision.  However, the Court hereby directs the Trustee to calculate the interest to which Welty is entitled, based on the Court's rulings in this decision, and the interest to which the estate is entitled as an offset and to file a statement of this calculation to the Court two weeks prior to the status conference scheduled below.

### 3. Specific Items of the Amended Claim

#### a. Line 4 Item

On Line 4 of the Claim Schedule asserts a claim for $5,000.  It refers to paragraph 22 of the March 20 Order.  Paragraph 22 states that the parties are to pay equally the fees and costs of the family

---

[1]Cal. Fam. Code § 2640(b) specifically prohibits the award of interest on a claim for reimbursement for a party's separate property contribution to the acquisition of community property. However, Welty has not requested interest with respect to this portion of his claim.

8

court judge. It acknowledges the receipt of $5,000 in payment of the family court judge's fees and expenses from Alta Welty. It is undisputed that Alta Welty is Welty's mother.

The Trustee concedes that, pursuant to the March 20 Order, the community was required pursuant to reimburse Alta Welty $5,000 from the Residence sale proceeds. However, she contends that the estate is only required to pay half this amount or $2,500. Thus, she objects to only $2,500 of the claim.

The Trustee's rationale with respect to this portion of the Amended Claim is the same as with respect to the alleged overpayment of $78,012.50. As noted above, the Court is persuaded by this rationale. However, there is no evidence that Welty has standing to assert his mother's claim. To the contrary, Alta Welty has filed her own proof of claim for $5,000. The Trustee will probably wish to file an objection to $2,500 of this claim if she has not already done so.

**b. Lines 6 and 7**

Line 6 of the Claim Schedule asserts the right to $258 for half of the community's cost for Marburger's tax calculations. Line 7 asserts the right to $617 for half of the community's cost for Kinko copies ordered made by the Debtor's attorney. There is no reference in the Schedule to any paragraph in either of the family court orders as a basis for these elements of the Amended Claim. However, the Trustee declines to challenge them given their nominal amounts. As a result, the Court will summarily adjudicate that these amounts are allowable.

Case: 04-04182   Doc# 93   Filed: 11/16/06   Entered: 11/17/06 09:18:24   Page 9 of 21

**c. Lines 8, 10, 12, 14, 16, 18, 20, 22, and 26**

The amounts set forth on Lines 8, 10, 12, 14, 16, 18, 20, 22, and 26 all relate to the Greenpoint Mortgage loan which encumbered the Residence and was paid off when the Residence was sold. In support of these elements of the Amended Claim, Welty relies on paragraph 2 of the April 16 Order This paragraph required the Debtor, while she was living in the Residence, to collect the rents, pay the expenses, pay the reasonable value for her occupancy of a portion of the Residence, and to provide a monthly accounting. These elements of the Amended Claim all appear to relate to the Debtor's failure to pay some of the necessary expenses. The specific items are as follows:

Line 8   $1,193, for interest on payoff of Greenpoint Mortgage loan from 6/24/04 to 7/27/04 at the rate of $72.29000 per day

Line 10 $371.60 in late fees paid to Greenpoint Mortgage

Line 12 $2,245 for forced insurance charges

Line 14 $10.50 in recording fees

Line 16 $22.50 in foreclosure fees

Line 18 $20 for fax charges and demand fees relative to the Greenpoint Mortgage foreclosure.

Line 20 $17.50 in other fees paid to Greenpoint Mortgage

Line 22 $12,924.20 in interest paid to Greenpoint Mortgage

Line 26 $4,009 in unpaid property taxes

These items of the Amended Claim will be disallowed as a matter of law. As the Trustee points out, some of these charges are simply community obligations which were paid from the sale proceeds of the

Residence before those proceeds were divided.  Thus, the bankruptcy estate has borne its proper share.

To the extent the charges are for expenses that would not have been incurred had the Debtor performed her obligations under paragraph 2 of the April 16 Order, Welty has failed to supply sufficient evidence to support his right to the amounts claimed. The April 16 Order is not sufficient for this purpose.  Although that order imposed certain duties on the Debtor, it did not specify the consequence of the Debtor's failure to perform those duties.

Moreover, no evidence has been provided in support of the Amended Claim that the Debtor did fail to perform these duties, that her failure was wrongful, or that these charges ensued as a result of that failure.  The Amended Claim is not executed under penalty of perjury.  Therefore, it does not, standing alone, create a prima facie case for allowance.  <u>See</u> Fed. R. Bankr. Proc. 3001(f).  Thus, this portion of the Amended Claim will be disallowed.

**d.  Line 24**

Line 24 of the Claim Schedule asserts the right to $6,000 in principal reduction due to Johanna's failure to pay the Greenpoint Mortgage.  In support of this item, Welty refers to paragraph 2A-C of the April 16 Order.  As noted above, these paragraphs of the April 16 Order assign Johanna the duty of collecting the rents and paying the expenses of the Residence, including the mortgage payments.

Welty has provided no evidence to support his claim that Welty failed to pay the mortgage payments, that her failure was wrongful,

11

or that, as a result of that failure, Welty was damaged in the amount of $6,000. As noted above, the form of the Amended Claim is insufficient to establish a prima facie case for the validity and amount of the claim without further evidence. Thus, the Court will disallow this portion of Welty's claim as a matter of law.

The Trustee contends that, in any event, this claim is without merit. She notes that paragraph 6 of the March 20 Order charges the community with nonpayment of the mortgage and the housing expense. Thus, according to the Trustee, there is no basis for adding an additional charge of $6,000, assessed only against the estate's share of the net sale proceeds.

Paragraph 6A of the March 20 Order supports this contention to some extent. It charges the Debtor with collecting $75,365 in rent and $3,200 for nonpayment of the April 10 taxes for a total of $78,565. It credits her for paying $58,370 on the mortgage, $12,800 in property taxes, and $8,500 in rental expenses for a total of $79,670 for an excess expenditure of $4,305. However, Paragraph 6B credits Welty with paying $3,200 in property taxes, thus reducing the Debtor's excess expenditure on behalf of the community to $1,105. Thus, the Court concludes that, with respect to these charges and credits, the estate is entitled to a offset against any portion of the Amended Claim that is allowed of half this amount: i.e., $552.50.[2]

_____

[2]Paragraph 6C charges the Debtor $3,200 for nonpayment of the April taxes. However, it also notes that these taxes have been paid out of the refinancing. Thus, they need not be taken into account here.

12

### e. Line 28

Line 28 of the Claim Schedule asserts the right to $6,671 based on an advance from the community's trust funds. In support of this item, Welty refers to paragraph 5 of the March 20 Order. Paragraph 5 of the March 20 Order charges the Debtor with having received $6,671 in community trust funds. The Trustee concedes that Welty is entitled to a claim against the estate for half this amount: i.e., $3,335.50. Thus, the Amended Claim will be allowed in this amount.

### f. Line 30

Line 30 of the Claim Schedule asserts the right to $3,200. It does not describe the nature of the claim. However, it refers to paragraph 6B of the March 20 Order. Paragraph 6B credits Welty with paying $3,200 in property taxes. However, this credit has already been accounted for in connection with the portion of the Amended Claim listed on Line 24. See section B-3-d above. As a result, this portion of the Amended Claim will be disallowed.

### g. Line 32

Line 32 of the Claim Schedule asserts the right to $1,600. It does not describe the nature of the claim. However, it refers to paragraph 6C of the March 20 Order. Paragraph 6C of the March 20 Order charges the Debtor $3,200 for her nonpayment of the April 10 taxes. As with the claim asserted on Line 30, this charge has already been accounted for in connection with the portion of the Amended Claim listed on Line 24. As a result, this portion of the Amended Claim will be disallowed.

13

### h. Line 34

Line 34 of the Claim Schedule asserts the right to $3,000. It does not describe the nature of the claim. However, it refers to paragraph 9 of the March 20 Order. Paragraph 9 of the March 20 Order awards a 1989 Jeep to the Debtor, assigning it a value of $3,000. The Trustee indicates that she is willing to accept the validity of this portion of the Amended Claim. However, based on the Trustee's rationale with respect to other items listed on the Amended Claim, it is unclear why the entire amount of this claim would be chargeable to the bankruptcy estate. The allowable portion of this claim would appear to be half this amount: i.e., $1,500. The Court will allow this portion of the claim in the amount of $1,500.

### i. Line 38

Line 38 of the Claim Schedule asserts the right to $17,569. It does not describe the nature of the claim. However, it refers to paragraphs 5F(10) of the April 16 Order. Paragraph 5F(10) of the April 16 Order provides that various liens granted to the parties' attorneys against the Residence are junior to various other charges against the Residence, including the Debtor's obligation to pay Welty $950 per month from January 16, 2003 until she terminates her occupancy of the Residence. The claim is for 18-1/2 months. The Trustee questions whether Welty is entitled to claim $950 per month for the period after the bankruptcy petition was filed: i.e., March 4, 2004. However, given the short time span involved, the Trustee is willing to concede this point. In this instance, the entire

14

amount of this claim appears chargeable against the bankruptcy estate's share of the net proceeds. As a result, this portion of the Amended Claim will be allowed.

### j. Lines 36, 40, and 48

Line 36 of the Claim Schedule asserts the right to $6,130. It does not describe the nature of the claim. However, it refers to paragraph 15A & B of the March 20 Order. Paragraph 15A & B of the March 20 Order refer to two checking accounts at Wells Fargo Bank. The Debtor is awarded $1,882 from one account and $4,248 from the other for a total of $6,130. The Trustee indicates that she is willing to accept this claim as valid. However, as stated above, the allowable claim appears to be for only half this amount: i.e., $3,065. This amount will be allowed.

Line 40 of the Claim Schedule asserts the right to $8,000. It does not describe the nature of the claim. However, it refers to paragraph 12A of the March 20 Order and paragraph 5 of a 4/28/03 order.[3] Paragraph 12A of the March 20 Order provides that the Debtor is charged $16,000 for the sale proceeds from the Merck stock. The claim is for half this amount: i.e., $8,000. This amount will be allowed.

Line 48 of the Claim Schedule asserts the right to $11,677.11. It does not describe the nature of the claim. However, it refers to paragraph 12E of the March 20 Order and to paragraph 5 of a 4/28/03 order. Paragraph 12E of the March 20 Order refers to a Fidelity

---

[3]Neither party has provided the Court with a copy of an order dated April 28, 2003.

15

Account and charges the Debtor with the receipt of $23,354 in community funds from this account. Welty's claim is for half this amount. The Trustee concedes that this claim appears to be valid. The Court agrees. Thus, this portion of the Amended Claim will be allowed.

**k. Line 42**

Line 42 of the Claim Schedule asserts a claim for $12,598. It does not describe the nature of the claim. However, it refers to paragraph 12B of the March 20 Order and to paragraph 5 of a 4/28/03 order. Paragraph 12B of the March 20 Order refers to a Fidelity Account. It charges the Debtor with the receipt of $684. It reserves jurisdiction as to whether the Debtor should be charged with an additional $24,449. The Trustee concedes that Welty is entitled to a claim for $684 but disputes that he is entitled to a claim for the additional $24,449.

The Court agrees that the claim for the additional $24,449 should be disallowed since Welty has provided no evidence that he is entitled to any portion of this amount. However, for the reasons discussed above, the Court concludes that Welty is only entitled to a claim for half the $684: i.e., $342. This portion of the Amended Claim will be allowed.

**l. Lines 44, 46, and 50**

Line 44 asserts the right to a claim for $1,986.24. It does not describe the nature of the claim. However, it refers to paragraph 12C of the March 20 Order and to paragraph 5 of a 4/28/03 order. Paragraph 12C of the March 20 Order refers to a Fidelity

16

Account and provides that the funds in the account shall be divided between the parties. There is no quantification of the amount of the funds in the account.

Line 46 asserts the right to a claim for $2,009. It does not describe the nature of the claim. However, it refers to paragraph 12D of the March 20 Order and to paragraph 5 of a 4/28/03 order. Paragraph 12D of the March 20 Order also refers to a Fidelity Account and provides that the stock and cash shall be divided between the parties with no quantification of the amount.

Line 50 asserts the right to a claim for $17,096.42. It does not describe the nature of the claim. However, it refers to paragraph 13A of the March 20 order and to paragraph 5 of a 4/28/03 order. Paragraph 13A of the March 20 Order refers to a Fidelity IRA account and provides that the assets in the account shall be divided between the parties with no quantification of the amount.

Welty has provided no evidence to support his right to a claim for these awards in the amount stated. The Trustee contends that, for that reason, the claim should be disallowed. The Court agrees. This portion of the claim will be disallowed.

**m. Line 52**

Line 52 asserts the right to a claim for $5,144.77. It does not describe the nature of the claim. However, it refers to paragraph 13B of the March 20 Order and to paragraph 5 of a 4/28/03 order. Paragraph 13B of the March 20 Order refers to a Fidelity IRA Account and provides that the assets, consisting of $1,964, shall be divided between the parties. Welty has provided no evidence to

17

support a claim amount of $5,144.77.  The Trustee concedes that Welty is entitled to a claim for half the amount in the account: i.e., $982.  This amount will be allowed.

**n.  Lines 54 and 56**

Line 54 asserts the right to a claim for $941.  Line 56 asserts the right to a claim for $2,124.  Neither line describes the nature of the claim.  However, Line 54 refers to paragraph 15A of the March 20 Order.  Paragraph 15A of the March 20 Order refers to a Wells Fargo Checking Account and awards the Debtor $1,882 from this account.  Line 56 refers to paragraph 15B of the March 20 Order.  Paragraph 15B of the March 20 Order refers to a Wells Fargo Checking Account and awards the Debtor $4,248 from this account.

The Trustee contends that these claims must be disallowed because, pursuant to the March 20 Order, these amounts were awarded to the Debtor.  The Court disagrees.  Moreover, the Trustee's contention is inconsistent with her reading of the March 20 Order in other respects.  The Court reads the March 20 Order in this context, as in most the other contexts set forth above, as giving the party not awarded the asset a claim against the other for half the value of the asset awarded to that party.  However, the Court will disallow these claims because the allowable portion of these claims has already been allowed in connection with the claim listed on Line 36.  See section B.3-j.

**CONCLUSION**

The Trustee's motion for summary judgment will be granted in part and denied in part.  Based on the foregoing legal

Case: 04-04182   Doc# 93   Filed: 11/16/06   Entered: 11/17/06 09:18:24   Page 18 of 21

conclusions, before applying the offsets to which the estate is entitled the Amended Claim appears allowable in the following amounts:

| | Claim Amount | Claim Allowed | |
|---|---|---|---|
| Line 4 | $5,000.00 | No amount allowed | |
| Line 6 | 258.00 | $   258.00 | |
| Line 7 | 617.00 | 617.00 | |
| Line 8 | 1,193.00 | No amount allowed | |
| Line 10 | 371.60 | No amount allowed | |
| Line 12 | 2,245.00 | No amount allowed | |
| Line 14 | 10.50 | No amount allowed | |
| Line 18 | 22.50 | No amount allowed | |
| Line 20 | 20.00 | No amount allowed | |
| Line 22 | 17.50 | No amount allowed | |
| Line 24 | 6,000.00 | No amount allowed | |
| Line 26 | 12,924.20 | No amount allowed | |
| Line 28 | 6,671.00 | $ 3,335.50 | |
| Line 30 | 3,200.00 | No amount allowed | |
| Line 32 | 1,600.00 | No amount allowed | |
| Line 34 | 3,000.00 | $ 1,500.00 | |
| Line 36 | 6,130.00 | 3,065.00 | |
| Line 38 | 17,569.00 | 17,569.00 | |
| Line 40 | 8,000.00 | 8,000.00 | |
| Line 42 | 12,598.00 | 342.00 | |
| Line 44 | 1,986.24 | No amount allowed | |
| Line 46 | 2,009.00 | No amount allowed | |
| Line 48 | $11,677.11 | $11,677.11 | |
| Line 50 | 17,096.42 | No amount allowed | |
| Line 52 | 5,144.77 | 982.00 | |
| Line 54 | 941.00 | No amount allowed | |
| Line 56 | 2,124.00 | No amount allowed | 2,124.00 |
| | Total: | $47,345.61 | |

In addition, Welty is entitled to interest at the rate of ten percent per annum on the amounts allowed, as set forth above, from the date of the award in the family court order to March 4, 2004. The Trustee is directed to calculate the amount of this interest.

However, the Court concludes that, as a matter of law, the bankruptcy estate is entitled to assert two offsets against his claim. The first offset is for the $78,012.50 overpayment made to

19

Case: 04-04182   Doc# 93   Filed: 11/16/06   Entered: 11/17/06 09:18:24   Page 19 of 21

Welty earlier in the case plus interest accruing on this overpayment at the rate of ten percent per annum from the date of the overpayment to the date of the continued status conference, as set forth below.  The Trustee is directed to calculate this amount of interest as well.

In addition, as set forth in section B-3-d, the bankruptcy estate is entitled to an offset against the Amended Claim for $552.50, representing the expenses of the Residence paid by the Debtor in excess of the rents collected.  If, after the calculation of interest, the amount of the estate's offsetting claim exceeds the amount of the portion of the Amended Claim that the Court has determined to be allowable, the Court will grant the Trustee's motion for summary judgment, disallowing Welty's claim in its entirety.  If not, the Court will allow Welty's claim against the estate in the amount of any excess.

A status conference on this proceeding is hereby scheduled for January 18, 2007 at 11:00 a.m.   The Trustee is directed to file and serve  a calculation of the interest to which Welty on the one hand and the estate on the other are entitled, based on the principles established in this memorandum, by no later than December 6, 2006.  Welty is required to file and serve any objections to the calculation by no later than December 20, 2006. The Trustee is directed to file and serve any reply to any such objection by no later than January 4, 2007.

END OF DOCUMENT

20

COURT SERVICE LIST

Reidun Stromsheim
Stromsheim & Associates
201 California St., Ste. 350
San Francisco, CA 94111

Frank A. Welty, III
P.O. Box 277
Dubois, WY 82513

21